SAMUEL, Judge.
This is a suit for property damages resulting from an automobile collision. Defendants’ answer denies negligence on their part and alternatively pleads contributory negligence. Plaintiffs are the owner and driver of one of the cars involved in the .accident and his partially subrogated collision insurer. Defendants are the other driver, the taxicab company for which he was working at the time of the accident, and their insurer. The damages were stipulated to be $225.02 and there was judgment in favor of plaintiffs in that amount in the trial court. Defendants have appealed.
The accident happened at about 4:00 p. m. on Tchoupitoulas Street at Second Street in the City of New Orleans. Tchoupitoulas is a two-way street running along the river. Second enters but does not intersect or cross Tchoupitoulas; it is the inferior street of the two and traffic on Second Street is controlled by a sign requiring vehicles to stop before entering Tchoupitoulas.
■ At the time the accident occurred it was raining at least heavily enough to require the use of windshield wipers. The plaintiff car was traveling in a downtown direction on its right side of Tchoupitoulas. The taxicab, traveling on Second Street towards the river, attempted to negotiate a left turn into Tchoupitoulas and proceed downtown, the same direction in which the plaintiff vehicle was traveling. The left front of the plaintiff car struck the right rear side of the taxicab at, or to the rear of, its back door while the former was still on its right side of Tchoupitoulas and prior to the time the latter had completed its turn into that street. When the two vehicles came to a stop after the collision the taxicab was on Tchoupitoulas 20 or 30 feet on the downtown side of Second Street and the plaintiff car was just to the right and 6 or 7 feet to the rear of the cab. There is no evidence of excessive speed on the part of either vehicle.
The remaining facts of the accident are in dispute. Two witnesses, the driver of the plaintiff car and a passenger therein, were called by the plaintiffs; and two witnesses, the taxicab driver and a police officer who investigated the accident, were called by the defendants. The police officer was not an eye witness and his testimony does little more than establish the positions of the vehicles after the collision, a fact not in dispute.
In essence, the testimony on behalf of the plaintiffs is that the taxicab drove into the path of the approaching plaintiff car when that car was so close as to make the accident inevitable; and the testimony of the defendant driver of the taxicab is that he came to a full stop in obedience to the stop sign and then proceeded into Tchoupi-toulas Street when the approaching plaintiff automobile was two-thirds of a block to a block away so that, although he was unable to estimate the speed of the plaintiff vehicle, *540 he assumed it was possible for him to enter and proceed in safety. If the facts are as testified to by plaintiffs’ witnesses, liability on the part of the defendants is too clear to require discussion.
Relying in part on the physical facts revealed by the record, the trial judge believed the testimony given on behalf of the plaintiffs. We find no error therein.
The judgment appealed from is affirmed.
Affirmed.